IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IVIN CORNELIOUS,

        Plaintiff,

v.

DETECTIVES MACNAMARA, PHELPS,
JAMES WIGGINS and UNKNOWN OFFICERS
and CITY OF WILMINGTON, DELAWARE,

        Defendants.

Civil Action No. 23-659-GBW

---

Herbert W. Mondros, RIGRODSKY LAW, P.A., Wilmington, DE; Joseph Oxman, OXMAN GOODSTADT KURITZ, P.C.; Philadelphia, PA

    *Counsel for Plaintiff*

Kelly E. Farnan, RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE; Rosamaria Tassone-DiNardo; City of Wilmington Law Department; Wilmington, DE

    *Counsel for Defendant City of Wilmington*

Zachary S. Stirparo; Delaware Department of Justice Defensive Litigation Unit; Wilmington, DE

    *Counsel for Defendant Phelps*

Mark A. Denney, Jr.; BAIRD, MANDALAS, BROCKSTEDT & FEDERICO; Wilmington, DE

    *Counsel for Defendant MacNamara*

Mark A. Denney, Jr.; BAIRD, MANDALAS, BROCKSTEDT & FEDERICO; Wilmington, DE

    *Counsel for Defendant Wiggins*

**MEMORANDUM OPINION**

July 11, 2024
Wilmington, Delaware

1

_____
GREGORY B. WILLIAMS
U.S. DISTRICT JUDGE

Pending before the Court are Defendants'[1] Motions to Dismiss Plaintiff Ivin Cornelious' Complaint for Failure to State a Claim (D.I. 19, D.I. 22, D.I. 23, D.I. 24). For the reasons stated below, the Court grants Defendants' motions to dismiss without prejudice, and grants leave to amend.

I. **BACKGROUND**

Mr. Cornelious alleges several causes of action against Defendants pursuant to 42 U.S.C. § 1983, including claims of false imprisonment, *Monell*, malicious prosecution, and intentional infliction of emotional distress. Against the City, Mr. Cornelious asserts Counts I (false arrest), II (*Monell* claims), and IV (intentional infliction of emotional distress). Mr. Cornelious asserts each of the above claims, in addition to Count III (malicious prosecution), against Detective Defendants. All Defendants contend, and Mr. Cornelious does not contest, that Counts I, II, and IV are time-barred by the applicable statutes of limitations. *See* D.I. 19; D.I. 25. Detective Defendants also contend that Mr. Cornelious has failed to plead facts sufficient to state a claim for malicious prosecution. D.I. 22; D.I. 23; D.I. 24.

Mr. Cornelious' causes of action arise out of an arrest which took place on August 14, 2019. D.I. 1, ¶ 9. Mr. Cornelious alleges the following facts. First, Mr. Cornelious was pulled over by Detective Defendants for failure to use a turn signal. *Id.*, ¶ 10. After he produced his driver's license and a valid rental contract for the vehicle, Mr. Wiggins ordered Mr. Cornelious

_____
[1] Defendant City of Wilmington (the "City"), Defendant Detective MacNamara ("Mr. MacNamara"), Defendant Detective Phelps ("Mr. Phelps"), and Defendant James Wiggins ("Mr. Wiggins") (collectively, "Defendants," and, with respect to Mr. MacNamara, Mr. Phelps, and Mr. Wiggins, "Detective Defendants").

2

out of the car and proceeded to search him. *Id.*, ¶¶ 11-13. No weapons were recovered from Mr. Cornelious' person by Detective Defendants. *Id.*, ¶ 13. Then, Mr. Wiggins and Mr. Phelps ordered Mr. Cornelious to the back of Mr. Cornelious' vehicle, and ordered Mr. MacNamara and the Unknown Officers to search Mr. Cornelious' vehicle. *Id.*, ¶ 14. Detective Defendants did not retrieve any contraband from inside Mr. Cornelious' vehicle. *Id.*, ¶ 15.

After the search, an unknown defendant officer entered Mr. Cornelious' vehicle and drove it away. *Id.*, ¶ 16. Mr. Cornelious was then arrested and charged with Illegal Possession of a Firearm and Failure to Signal when making a left turn. *Id.*, ¶ 17. Mr. Cornelious spent two days in jail before posting bail, and was placed on pre-trial probation which did not allow him to leave the State of Delaware. *Id.*, ¶¶ 19-20. Mr. Cornelious' pre-trial probation prevented him from seeing his children in the State of New Jersey, and he had to pay over $5,000.00 in private attorney legal fees. *Id.*, ¶¶ 20-21.

On June 16, 2021, all charges were dismissed against Mr. Cornelious by Delaware Superior Court. *Id.*, ¶ 23. Defendants never produced the alleged illegal weapon that was purportedly possessed by Mr. Cornelious and recovered by Detective Defendants after their search of Mr. Cornelious' vehicle on August 14, 2019. *Id.*, ¶ 22.

## II. LEGAL STANDARD

### A. Motion to Dismiss

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Such a claim must plausibly suggest "facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (citing *Bell Atl. Corp. v. Twombly*,

3

550 U.S. 544, 557 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). But the Court will "'disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements.'" *Princeton Univ.*, 30 F.4th at 342 (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016)). Under Rule 12(b)(6), the Court must accept as true all factual allegations in the Complaint and view those facts in the light most favorable to the plaintiff. *See Fed. Trade Comm'n v. AbbVie Inc*, 976 F.3d 327, 351 (3d Cir. 2020).

## III. DISCUSSION

### A. Mr. Cornelious' False Arrest, False Imprisonment, And Intentional Infliction of Emotional Distress Claims Are Time-Barred by The Applicable Statute of Limitations.

Defendants argue in their opening briefs that Mr. Cornelious' false arrest, false imprisonment, and intentional infliction of emotional distress claims are time-barred by the applicable statute of limitations because the statute of limitations for a personal injury action in Delaware is two (2) years, *see* 10 Del. C. § 8119, and actions brought pursuant to 42 U.S.C. § 1983 are characterized as personal injury actions for purposes of determining the limitation period. *E.g.*, D.I. 19; *see Cannon v. City of Wilmington Police Dep't*, 2012 WL 4482767, at *3 (D. Del. Sept. 27, 2012).

Thus, Defendants argue that those claims are time-barred because the relevant conduct in this action (Mr. Cornelious' arrest on April 14, 2019 and Mr. Cornelious' release from custody on April 16, 2019, D.I. 1, ¶¶ 10, 22) occurred more than four (4) years before Mr. Cornelious filed his Complaint. *See Cannon*, 2012 WL 4482767, at *3 (statute of limitations begins to run at the

4

time of arrest for a claim of false arrest); *id.* (statute of limitations begins to run when the plaintiff is released from custody for a claim of false imprisonment); *Soul v. Stephens*, 2020 WL 6588494, at *2 (Del. Super. Ct. Nov. 10, 2020), *aff'd*, 264 A.3d 628 (Del. 2021) (statute of limitations begins to run at the time the wrongful act occurred for a claim of intentional infliction of emotional distress).

Mr. Cornelious did not respond to Defendants' arguments that his false arrest, false imprisonment, and intentional infliction of emotional distress claims are time-barred by the applicable statute of limitations. *See generally* D.I. 25. Mr. Cornelious has thus waived any argument as to Counts I, II, and IV. *vMedex, Inc. v. TDS Operating, Inc.*, 2020 WL 4925512, at *7 (D. Del. Aug. 21, 2020) (arguments not raised in answering brief are waived). Accordingly, the Court grants Defendants' motions to dismiss Mr. Cornelious' false arrest, false imprisonment, and intentional infliction of emotional distress claims.[2]

### B. Mr. Cornelious Has Failed to State A Claim For Malicious Prosecution Against Detective Defendants.

Detective Defendants argue that Mr. Cornelious has failed to state a claim for malicious prosecution against each Defendant. D.I. 22; D.I. 23; D.I. 24. To state a claim for malicious prosecution, the plaintiff must allege that: "'(1) the defendants initiated a criminal proceeding, (2) the criminal proceeding ended in the plaintiff's favor, (3) the proceeding was initiated without

---

[2] The parties dispute whether Count 1 of the Complaint is directed to a malicious prosecution claim, or a false arrest / false imprisonment claim. *Compare* D.I. 25 ("Plaintiff, respectfully requests that Defendants' Motions to Dismiss Plaintiff's claims for Malicious Prosecution in Count I and Count III be denied") *with* D.I. 29 ("While [Mr. Cornelious] argues that the malicious prosecution claim is found in Counts I and III, a fair reading of Count I does not support that conclusion."). The Court agrees with the City that Count III, not Count I, is a claim for malicious prosecution. *See* D.I. 1, Count III (titled "Plaintiff Ivin Cornelious vs. Detectives Macnamara, Wiggins, Phelps and Unknown Officers Malicious Prosecution").

5

probable cause, (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice, and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.'" *Holmes v. City of Wilmington*, 249 F. Supp. 3d 781, 783–84 (D. Del. 2017) (quoting *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009)).

Detective Defendants do not dispute that Mr. Cornelious has sufficiently plead elements (2), (3), and (5) of a claim for malicious prosecution. *See generally* D.I. 22; D.I. 23; D.I. 24. Detective Defendants do assert that Mr. Cornelious has failed to plead facts sufficient to establish that Detective Defendants instituted a criminal proceeding against Mr. Cornelious (element (1)) and that Detective Defendants acted maliciously or for a purpose other than bringing Mr. Cornelious to justice (element (4)).

Mr. Phelps and Mr. MacNamara argue that Mr. Cornelious has failed to plead facts sufficient to show that Mr. Phelps or Mr. MacNamara initiated a criminal proceeding against Mr. Cornelious, because Mr. Cornelious did not identify who arrested and charged him, or show that the criminal proceedings were "by, or at the instance of" Mr. Phelps or Mr. MacNamara. D.I. 22 at 5-6; D.I. 23 at 3-4.

Mr. Wiggins does not dispute that he instituted the criminal charges against Mr. Cornelious, but argues that Mr. Cornelious "offers nothing more than conclusory statements that the police officers acted with malice." D.I. 24 at 4. As a result, Mr. Wiggins argues that Mr. Cornelious has failed to show that Mr. Wiggins "instituted the criminal charges with malice (and not because Cornelious did in fact commit the criminal acts)." *Id* at 4-5. Mr. MacNamara also argues that Mr. Cornelious has failed to plead facts sufficient to show that he acted with malice,

6

because Mr. Cornelious alleges only that Mr. Wiggins ordered Mr. MacNamara to search Mr. Cornelious' vehicle. D.I. 23 at 3-4.

Mr. Cornelious disagrees, and contends that he has plead facts sufficient to establish each element of a claim for malicious prosecution. D.I. 25 at 5. Mr. Cornelious contends that the proceeding against him was instituted without probable cause, because Mr. Wiggins searched him (and ordered Mr. MacNamara and the Unknown Officers to search his vehicle) even after Mr. Cornelious provided Mr. Wiggins with his license and a valid rental contract for the vehicle he was driving. *Id.* Mr. Cornelious also contends that Detective Defendants acted maliciously when they charged Mr. Cornelious with a weapons crime despite knowing that they had not recovered a weapon from Mr. Cornelious' vehicle. *Id.*

The Court finds that Mr. Cornelious has failed to state a claim for malicious prosecution against Mr. Phelps. The Complaint does not allege that Mr. Phelps was present when Mr. Cornelious was arrested (or, if he was, what conduct he engaged in during that arrest). *See* D.I. 1 ¶¶ 9-23. Accordingly, the Court grants Mr. Phelps' motion to dismiss Count III of the Complaint, because nothing in the Complaint suggests that Mr. Phelps initiated proceedings against Mr. Cornelious, or that Mr. Phelps acted maliciously towards Mr. Cornelious. *Id.*

Next, the Court finds that Mr. Cornelious has failed to state a claim for malicious prosecution against Mr. MacNamara. The Complaint does not identify which officer was responsible for arresting and charging Mr. Cornelious with Illegal Possession of a Firearm. *See* D.I. 1, ¶ 17 ("Plaintiff was then arrested and charged with Illegal Possession of a Firearm and Failure to Signal when making a left turn."). Also, while the Complaint alleges that Mr. MacNamara was ordered to search Mr. Cornelious' vehicle, *id.* at ¶ 14, the Complaint does not allege that Mr. MacNamara (1) arrested Mr. Cornelious for Illegal Possession of a Firearm after

searching Mr. Cornelious' vehicle and failing to find a firearm, or (2) told another officer at the scene that a firearm was present in Mr. Cornelious' vehicle after failing to find such a firearm. *See generally id.* Thus, the Complaint fails to plead facts sufficient to establish that Mr. MacNamara initiated proceedings against Mr. Cornelious, because the Complaint does not allege that Mr. MacNamara was the arresting officer, or that Mr. Cornelious would not have been charged but for Mr. MacNamara's conduct or report. *Cf. Boseman v. Upper Providence Twp.*, 680 Fed. Appx. 65, 68 (3d Cir. 2017) ("We will assume that Boseman satisfied the first prong, which requires that Reynolds 'initiated' the criminal proceeding against her. Reynolds was the arresting officer and the only inculpatory witness at Boseman's criminal trial. Presumably, but for Reynolds' arrest and report, Boseman would not have been charged.").

The Court also finds that Mr. Cornelious has not plead facts sufficient to state a claim for malicious prosecution against Mr. Wiggins. Mr. Wiggins does not dispute that he had a "coordinating role" during the vehicle stop and subsequent arrest of Mr. Cornelious. D.I. 28 at 2. Instead, Mr. Wiggin asserts that Mr. Cornelius failed to allege that the judicial proceedings against Mr. Cornelious were initiated by Mr. Wiggins. *Id.* The Court agrees. To state a claim for malicious prosecution against an officer, the plaintiff must show that the officer "influenced or participated in the decision to institute criminal proceedings." *Halsey v. Pfeiffer*, 750 F.3d 273, 297 (3d Cir. 2014). Mr. Cornelious alleges that he was "arrested and charged with Illegal Possession of a Firearm." D.I. 1, ¶ 17. The Complaint fails to allege, however, that the prosecuting attorney chose to charge Mr. Cornelious for that crime because Mr. Wiggins arrested Mr. Cornelious, or because of any allegedly false statements or representations made by Mr. Wiggins or another officer to the prosecuting attorney regarding that arrest. D.I. 1. Also, while Mr. Cornelious further alleges that Detective Defendants "manufactured false evidence" and "used that

evidence along with perjured testimony in an attempt to secure a wrongful criminal conviction against [Mr. Cornelious]," the Complaint fails to identify what false evidence Detective Defendants allegedly manufactured, or any specific perjured testimony by Detective Defendants. *Id.*, ¶ 58. Thus, while Mr. Cornelious may have plead facts sufficient to show that Mr. Wiggins played a role in his arrest for Illegal Possession of a Firearm, the Complaint fails to state a claim for malicious prosecution against Mr. Wiggins, because it does not plead facts sufficient to show that Mr. Wiggins was involved in the institution of criminal proceedings against Mr. Cornelious.

The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir.1990) (citations omitted). Given that Mr. Cornelious may be able to fix at least some of the deficiencies identified by the Court, the Court dismisses Mr. Cornelious' Complaint without prejudice to his ability to move for leave to amend. Mr. Cornelious may file a motion to amend his Complaint on or before twenty-one (21) days from the date of this Opinion.

## IV. CONCLUSION

For the foregoing reasons, this 11th day of July, 2024, **IT IS HEREBY ORDERED** that:

1. The City's, Mr. Phelps', Mr. MacNamara's, and Mr. Wiggin's Motions to Dismiss Count I, II, III and IV of the Complaint are **GRANTED**. Count I, II, III and IV of the Complaint, D.I. 1, are **DISMISSED-WITHOUT-PREJUDICE**. Plaintiff shall have until August 1, 2024, to file a motion for leave to amend the Complaint.