# Exhibit A

OXMAN GOODSTADT KURITZ P.C.
BY: JOSEPH **OXMAN, ESQUIRE**
1518 Walnut Street, Suite 1010
Philadelphia, PA. 19102
215-665-9999
oxmanj@ogklawyers.com
Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **IVIN CORNELIOUS,** | : | |
| **Plaintiff,** | : | |
| **V.** | : | |
| | : | |
| **DETECTIVE MACNAMARA,** | : | **NO: 1:23-cv-00659-GBW** |
| **PROBATION OFFICER PHELPS,** | : | |
| **JAMES WIGGINS,** | : | |
| **UNKNOWN OFFICERS,** | : | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO THE CITY OF WILMINGTON

Plaintiff, by his counsel, hereby requests that defendant The City of Wilmington answer the following interrogatories under oath, separately and fully, within thirty (30) days of the time of service in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure. In answering these interrogatories, please furnish all information that is available to you including, but not limited to, information in the possession of your principal agents, attorney(s) and accountants; not merely information known to the personal knowledge of the person preparing the answers. The response of the defendant should be made by a person with the appropriate knowledge and position and should state who is responding and why that person was selected.

These requests are deemed to be continuing, and you have the duty to supplement your responses if you obtain further information between the time answers are served and the time of trial.

**DEFINITIONS**

1. The term "incident" shall refer to the entire series of interactions between Plaintiff and members of the City of Wilmington Police Department and the State of Delaware Probation Department, or any other employees of either, as described in the Complaint.

2. The term "document" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure and shall refer to any means by which information is recorded or retained,

including, without limitation, originals, non-identical copies, drafts, or electronic or computer data storage. "Writings" shall include, without limitation, all materials of any kind including, but not limited to, orders, instructions, directives, regulations, reports, interviews, statements, summaries, complaints, transcripts, memoranda, notes, correspondence, and logs. "Documents" also refers to microfilm, microfiche, videotape, motion pictures, audio tape and any other electronic or mechanical recording.

3. The term "identify" or identity when used with respect to persons is a request for you to supply the full name, address, height, weight, and date of birth of the person to be identified.

4. The term "identify" or "identity" when used with respect to documents is a request for you to supply the date of the document, the author, the addressee, if any, the length in pages, the title and a brief description of the contents of the document.

## INTERROGATORIES

1. Please state the name, address, job title, and employer of the person(s) answering these interrogatories.

2. Have the individual defendants, Detective Macnamara or Officer James Wiggins, ever been a defendant(s) in any suit charging him (them) individually or in his (their) official capacity as police officer(s) with abuse of his (their) lawful authority?  If so, state for each suit:

    a. the name and address of each party and each party's attorney.
    b. the nature of the cause of action.
    c. the date on which the suit was instituted.
    d. the result of each suit that has been concluded by judgment or settlement.

3. Please describe in detail the training the individual defendant(s) received for the position of police officer for the City of Wilmington.  Please state: the nature and substance of the training he (they) received; the name and address of each specialized school he (they) attended to receive such training and the degree or certificate, if any, each defendant(s) received from each specialized school.

4. Give the date on which defendant Officers Macnamara and Wiggins commenced employment as a member of the City of Wilmington Police Department, whether he (they) remains so employed today, and the date of and reason for any termination or interruption of his (their) employment.

5. For any complaint alleging misconduct as a police officer filed with the City of Wilmington Police Department or its agents regarding the defendants' conduct as police officers, give the name and address of the complainant(s), the substance of the complaint(s), and the ultimate disposition of the complaint(s), including any discipline imposed on the defendant(s).

6. For every civil rights case alleging misconduct by the City of Wilmington Police officers which was pending or filed from 2018 to present, state the case number and docket number, the substance of the allegations and any resolution or terms of settlement.

7. Identify all people who, to your knowledge, or the knowledge of your agents or attorneys, witnessed or purport to have knowledge of facts relevant to this incident. For each, state:
    a. the date, time, and place on which the person was involved.
    b. the substance of any conversations or reports with such a person regarding the plaintiff or the incident.
    c. the name, address and badge number or identification number of each person.

8. State the title and substance of any document created in preparation for or in response to this incident.

9. What, if any, educational requirements are prerequisite to appointment as a Police officer of The City of Wilmington?

10. State the nature and duration of any training or experience as a police officer which is a prerequisite to appointment as a Police officer for the City of Wilmington.

11. Were there in existence at the times of these incidents, internal administrative procedures designed to prevent and correct instances of abuse of the authority of police officers of the City of Wilmington? If yes, state:

    a. the nature of such procedures.
    b. the person who is responsible for implementing such procedures.
    c. any charges ever made against Officers Macnamara or Wiggins by internal administrative procedures, including the names and addresses of all complainants, the nature of the charges, the identity of the person administering the disciplinary proceedings, and the outcome.

12. Have defendants Officers Macnamara or Wiggins received any discipline from the City of Wilmington because of the incident involving the plaintiffs? If yes, state:

    a. the nature of discipline.
    b. the facts on which such discipline was based.

c. who ordered and who administered the disciplinary action.

13. Were you insured from 2021 to present against judgments of personal liability based on any abuse of lawful authority or were you a party to any bonding agreement by which you were held free of liability or by which an insurance company will stand as a guarantor or surety in connection with any state judgment based on any abuse of lawful authority.  If yes, state:

    a. the name and address of the insurer.
    b. the name and address of the person who pays the premiums.
    c. the identification number of the policy.
    d. the effective dates of each policy.
    e. the policy limits, or amount of any bond.
    f. the substance of disclaimers of liability contained in the policy.

14. For each expert witness you intend to call at trial, please state the expert's name and present address, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of grounds for each such opinion.

DATED: November 1, 2024.

JOSEPH OXMAN, ESQ.
Attorney for Plaintiff

OXMAN GOODSTADT KURITZ P.C.
BY: JOSEPH **OXMAN, ESQUIRE**
1518 Walnut Street, Suite 1010
Philadelphia, PA. 19102
215-665-9999
oxmanj@ogklawyers.com
Attorney for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **IVIN CORNELIOUS,** | : |
| **Plaintiff,** | : |
| **V.** | : |
| | : |
| **DETECTIVE MACNAMARA,** | : **NO: 1:23-cv-00659-GBW** |
| **PROBATION OFFICER PHELPS,** | : |
| **JAMES WIGGINS,** | : |
| **UNKNOWN OFFICERS,** | : |

### PLAINTIFFS FIRST SET OF INTERROGATORIES TO
### DEFENDANT STATE PROBATION OFFICER JUSTIN PHELPS

Plaintiffs, by their counsel, hereby request that defendant Justin Phelps answer the following interrogatories under oath, separately and fully, within thirty (30) days of the time of service in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure. In answering these interrogatories, please furnish all information that is available to you including, but not limited to, information in the possession of your principal agents, attorney(s) and accountants; not merely information known to the personal knowledge of the person preparing the answers.

These requests are deemed to be continuing, and you have the duty to supplement your responses if you obtain further information between the time answers are served and the time of trial.

**DEFINITIONS**

1. The term "Incident" shall refer to the entire series of interactions between Plaintiff and Justin Phelps, or any other employees of the City of Wilmington Police Department or the Delaware State Probation Department, as described in the Complaint.

2. The term "Document" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure and shall refer to any means by which information is recorded or retained, including, without limitation, originals, non-identical copies, drafts, or electronic or computer data storage. A "Writing" shall include, without limitation, all materials of any kind including,

but not limited to, orders, instructions, directives, regulations, reports, interviews, statements, summaries, complaints, transcripts, memoranda, notes, correspondence, and logs. A "Document" also refers to microfilm, microfiche, videotape, motion pictures, audio tape and any other electronic or mechanical recording.

3. The term "Identify" or "Identity" when used with respect to persons is a request for you to supply the full name, address, height, weight, and date of birth of the person to be identified.

4. The term "Identify" or "Identity" when used with respect to documents is a request for you to supply the date of the document, the author, the addressee, if any, the length in pages, the title and a brief description of the contents of the document.

## INTERROGATORIES

1. What is your full name, badge or identification number, present height, weight and date of birth?

2. With regard to your occupation or employment from the date you first began working at full-time employment to the present, state:

   a.  the name and address of all your employers.

   b.  for each job, the nature of your work and duties.

   c.  for each job, the date and reason you left your employment.

   d.  if you were appointed to any positions, the date and term of the appointment, the person and position of the person who appointed you, and the name and address of the person or body to whom you were or are responsible.

3. What if there are any educational requirements are prerequisites to an appointment as a Probation Officer for the State of Delaware?

4. For any high school or institution of higher learning which you have attended, state the name and address of each institution, the dates you attended and the degree or certification that you received.

5. State the nature and duration of any training or experience as a Probation Officer which is a prerequisite to appointment.

6. Were you ever a defendant in any suit which charged you, individually or in your official capacity as a Probation Officer with abuse of your lawful authority?  If yes, state for each suit:

> a. the name and address of each plaintiff.
> b. the name and address of each defendant.
> c. the nature of the cause of action.
> d. the date on which the suit was instituted.
> e. the court in which the suit was instituted.
> f. the name and address of the attorney for each party.
> g. the result of each suit that has been concluded by judgment or settlement.

7. If you were ever enjoined from engaging in any conduct by a state or federal court decree, identify the court, title and docket number of the case, date of the decree, and nature of the conduct enjoined.

8. Were there in existence at the time of these incidents internal administrative procedures designed to prevent and correct instances of abuse of authority of the State of Delaware?  If yes, state:

> a. the nature of such procedures.
> b. the person who is responsible for implementing such procedures.
> c. any charges ever made against you in internal administrative procedure(s), including the names and addresses of all complainants, the nature of the charges, the identity of the person administering the disciplinary proceedings, and the outcome.

9.  Were either you or your employer insured during the period of time during which this incident occurred against judgments of personal liability based on any abuse of your lawful authority, or were either you or your employer a party to any bonding agreement by which you were held free of liability or by which an insurance company will stand as a guarantor or surety in connection with any state judgment based on any abuse of your lawful authority?  If yes, state:

> a. the name and address of the insurer.
> b. the name and address of the person or persons who pay(s) the premiums.
> c. the identification number of the policy.
> d. the effective dates of each policy.
> e. the policy limits, or amount of any bond.
> f. the substance of disclaimers of liability contained in the policy.

10. What is your monthly net wage after deduction or withholdings made for income tax, social security, medical insurance, pensions, and other like deductions or withholdings?

11. Describe any investments you presently have which yield income, including the nature and amount of each investment.

12. Describe any real property or proprietary or possessory interests which you hold, including the identity, location and nature of each interest and the amount of income realized.

13. State specifically and in detail the date and exact sequence of events that took place during any interaction between you and the plaintiff including but not limited to the events on June 16, 2021.

14. For each incident identified in response to interrogatory number 13, state:

    a. the name, badge or identification number, and present address of any other person involved in or known by you to have witnessed the interaction.

    b. the date, substance, and person involved in any conversation or oral report about such an incident.

    c. the identity of any forms or documents created in preparation for or response to any such interaction.

    d. the garments you wear at the time of each interaction.

    e. the exact amount, type, and times that you ingested alcoholic beverages on the day of any such interaction.

    f. any ordinance, rule or policy authorizing or tending to authorize or ratify any actions you took about plaintiffs; state the substance of each such ordinance, rule or policy and its citation, if any.

15. Do you now or have you ever suffered from any mental disease, defect or disorder?

16. Have you ever been arrested and/or convicted of any crime whatsoever? If yes, state the offense, date of occurrence, location and disposition of the case.

17. Have you received any discipline from the State of Delaware because of the incident involving the plaintiff? If yes, state:

    a. the nature of discipline.

    b. the facts on which such discipline was based.

c. who ordered and who administered the disciplinary action

18. For each expert witness you intend to call at trial, please state the expert's name and present address, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of grounds for each such opinion.

DATE: November 1, 2024

JOSEPH OXMAN, ESQ.
Attorney for Plaintiff

OXMAN GOODSTADT KURITZ P.C.
BY: JOSEPH **OXMAN, ESQUIRE**
1518 Walnut Street, Suite 1010
Philadelphia, PA. 19102
215-665-9999
oxmanj@ogklawyers.com
Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **IVIN CORNELIOUS,** | : | |
| **Plaintiff,** | : | |
| **V.** | : | |
| | : | |
| | : | |
| **DETECTIVE MACNAMARA,** | : | **NO: 1:23-cv-00659-GBW** |
| **PROBATION OFFICER PHELPS,** | : | |
| **JAMES WIGGINS,** | : | |
| **UNKNOWN OFFICERS,** | : | |

## PLAINTIFFS FIRST SET OF INTERROGATORIES TO
## DEFENDANT DETECTIVE GAETAN MACNAMARA

Plaintiffs, by their counsel, hereby request that defendant Gaetan Macnamara answer the following interrogatories under oath, separately and fully, within thirty (30) days of the time of service in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure. In answering these interrogatories, please furnish all information that is available to you including, but not limited to, information in the possession of your principal agents, attorney(s) and accountants; not merely information known to the personal knowledge of the person preparing the answers.

These requests are deemed to be continuing, and you have the duty to supplement your responses if you obtain further information between the time answers are served and the time of trial.

**DEFINITIONS**

1. The term "Incident" shall refer to the entire series of interactions between Plaintiff and Gaetan Macnamara, or any other employees of the City of Wilmington Police Department or the Delaware State Probation Department, as described in the Complaint.

2. The term "Document" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure and shall refer to any means by which information is recorded or retained, including, without limitation, originals, non-identical copies, drafts, or electronic or computer data storage. A "Writing" shall include, without limitation, all materials of any kind including,

but not limited to, orders, instructions, directives, regulations, reports, interviews, statements, summaries, complaints, transcripts, memoranda, notes, correspondence, and logs. A "Document" also refers to microfilm, microfiche, videotape, motion pictures, audio tape and any other electronic or mechanical recording.

3. The term "Identify" or "Identity" when used with respect to persons is a request for you to supply the full name, address, height, weight, and date of birth of the person to be identified.

4. The term "Identify" or "Identity" when used with respect to documents is a request for you to supply the date of the document, the author, the addressee, if any, the length in pages, the title and a brief description of the contents of the document.

## INTERROGATORIES

1. What is your full name, badge or identification number, present height, weight and date of birth?

2. With regard to your occupation or employment from the date you first began working at full-time employment to the present, state:

    a.  the name and address of all your employers.

    b.  for each job, the nature of your work and duties.

    c.  for each job, the date and reason you left your employment.

    d.  if you were appointed to any positions, the date and term of the appointment, the person and position of the person who appointed you, and the name and address of the person or body to whom you were or are responsible.

3. What, if any, educational requirements are prerequisites to an appointment as a Detective for the City of Wilmington Police Department?

4. For any high school or institution of higher learning which you have attended, state the name and address of each institution, the dates you attended and the degree or certification that you received.

5. State the nature and duration of any training or experience as a Police Officer which is a prerequisite to appointment.

6. Were you ever a defendant in any suit which charged you, individually or in your official capacity as a Police Officer with abuse of your lawful authority? If yes, state for each suit:

    a. the name and address of each plaintiff.
    b. the name and address of each defendant.
c. the nature of the cause of action.
    d. the date on which the suit was instituted.
    e. the court in which the suit was instituted.
    f. the name and address of the attorney for each party.
    g. the result of each suit that has been concluded by judgment or settlement.

7. If you were ever enjoined from engaging in any conduct by a state or federal court decree, identify the court, title and docket number of the case, date of the decree, and nature of the conduct enjoined.

8. Were there in existence at the time of these incidents internal administrative procedures designed to prevent and correct instances of abuse of authority of the City of Wilmington? If yes, state:

    a. the nature of such procedures.
    b. the person who is responsible for implementing such procedures.
    c. any charges ever made against you in internal administrative procedure(s), including the names and addresses of all complainants, the nature of the charges, the identity of the person administering the disciplinary proceedings, and the outcome.

9. Were either you or your employer insured during the period of time during which this incident occurred against judgments of personal liability based on any abuse of your lawful authority, or were either you or your employer a party to any bonding agreement by which you were held free of liability or by which an insurance company will stand as a guarantor or surety in connection with any state judgment based on any abuse of your lawful authority? If yes, state:

    a. the name and address of the insurer.
    b. the name and address of the person or persons who pay(s) the premiums.
    c. the identification number of the policy.
    d. the effective dates of each policy.
    e. the policy limits, or amount of any bond.
    f. the substance of disclaimers of liability contained in the policy.

10. What is your monthly net wage after deduction or withholdings made for income tax, social security, medical insurance, pensions, and other like deductions or withholdings?

11. Describe any investments you presently have which yield income, including the nature and amount of each investment.

12. Describe any real property or proprietary or possessory interests which you hold, including the identity, location and nature of each interest and the amount of income realized.

13. State specifically and in detail the date and exact sequence of events that took place during any interaction between you and the plaintiff including but not limited to the events on June 16, 2021.

14. For each incident identified in response to interrogatory number 13, state:

        a. the name, badge or identification number, and present address of any other person involved in or known by you to have witnessed the interaction.

        b. the date, substance, and person involved in any conversation or oral report about such an incident.

        c. the identity of any forms or documents created in preparation for or response to any such interaction.

        d. the garments you wear at the time of each interaction.

        e. the exact amount, type, and times that you ingested alcoholic beverages on the day of any such interaction.

        f. any ordinance, rule or policy authorizing or tending to authorize or ratify any actions you took about plaintiffs; state the substance of each such ordinance, rule or policy and its citation, if any.

15. Do you now or have you ever suffered from any mental disease, defect or disorder?

16. Have you ever been arrested and/or convicted of any crime whatsoever? If yes, state the offense, date of occurrence, location and disposition of the case.

17. Have you received any discipline from the City of Wilmington because of the incident involving the plaintiff? If yes, state:

        a. the nature of discipline.

        b. the facts on which such discipline was based.

c. who ordered and who administered the disciplinary action.

18. For each expert witness you intend to call at trial, please state the expert's name and present address, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of grounds for each such opinion.

DATE: November 1, 2024

_____
JOSEPH OXMAN, ESQ.
Attorney for Plaintiff

OXMAN GOODSTADT KURITZ P.C.
BY: JOSEPH **OXMAN, ESQUIRE**
1518 Walnut Street, Suite 1010
Philadelphia, PA. 19102
215-665-9999
oxmanj@ogklawyers.com
Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IVIN CORNELIOUS, | : |
|     **Plaintiff,** | : |
| **V.** | : |
| | : |
| DETECTIVE MACNAMARA, | :   **NO: 1:23-cv-00659-GBW** |
| PROBATION OFFICER PHELPS, | : |
| JAMES WIGGINS, | : |
| UNKNOWN OFFICERS, | : |

## PLAINTIFFS FIRST SET OF INTERROGATORIES TO
## DEFENDANT OFFICER JAMES WIGGINS

Plaintiffs, by their counsel, hereby request that defendant James Wiggins answer the following interrogatories under oath, separately and fully, within thirty (30) days of the time of service in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure. In answering these interrogatories, please furnish all information that is available to you including, but not limited to, information in the possession of your principal agents, attorney(s) and accountants; not merely information known to the personal knowledge of the person preparing the answers.

These requests are deemed to be continuing, and you have the duty to supplement your responses if you obtain further information between the time answers are served and the time of trial.

**DEFINITIONS**

1. The term "Incident" shall refer to the entire series of interactions between Plaintiff and James Wiggins, or any other employees of the City of Wilmington Police Department or the Delaware State Probation Department, as described in the Complaint.

2. The term "Document" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure and shall refer to any means by which information is recorded or retained, including, without limitation, originals, non-identical copies, drafts, or electronic or computer data storage. A "Writing" shall include, without limitation, all materials of any kind including,

but not limited to, orders, instructions, directives, regulations, reports, interviews, statements, summaries, complaints, transcripts, memoranda, notes, correspondence, and logs. A "Document" also refers to microfilm, microfiche, videotape, motion pictures, audio tape and any other electronic or mechanical recording.

3. The term "Identify" or "Identity" when used with respect to persons is a request for you to supply the full name, address, height, weight, and date of birth of the person to be identified.

4. The term "Identify" or "Identity" when used with respect to documents is a request for you to supply the date of the document, the author, the addressee, if any, the length in pages, the title and a brief description of the contents of the document.

## INTERROGATORIES

1. What is your full name, badge or identification number, present height, weight and date of birth?

2. With regard to your occupation or employment from the date you first began working at full-time employment to the present, state:

   a.   the name and address of all your employers.

   b.   for each job, the nature of your work and duties.

   c.   for each job, the date and reason you left your employment.

   d.  if you were appointed to any positions, the date and term of the appointment, the person and position of the person who appointed you, and the name and address of the person or body to whom you were or are responsible.

3. What, if any, educational requirements are prerequisites to an appointment as a police officer for the City of Wilmington Police Department?

4. For any high school or institution of higher learning which you have attended, state the name and address of each institution, the dates you attended and the degree or certification that you received.

5. State the nature and duration of any training or experience as a Police Officer which is a prerequisite to appointment.

6. Were you ever a defendant in any suit which charged you, individually or in your official capacity as a Police Officer with abuse of your lawful authority? If yes, state for each suit:

    a. the name and address of each plaintiff.
    b. the name and address of each defendant.
    c. the nature of the cause of action.
    d. the date on which the suit was instituted.
    e. the court in which the suit was instituted.
    f. the name and address of the attorney for each party.
    g. the result of each suit that has been concluded by judgment or settlement.

7. If you were ever enjoined from engaging in any conduct by a state or federal court decree, identify the court, title and docket number of the case, date of the decree, and nature of the conduct enjoined.

8. Were there in existence at the time of these incidents internal administrative procedures designed to prevent and correct instances of abuse of authority of the City of Wilmington? If yes, state:

    a. the nature of such procedures.
    b. the person who is responsible for implementing such procedures.
    c. any charges ever made against you in internal administrative procedure(s), including the names and addresses of all complainants, the nature of the charges, the identity of the person administering the disciplinary proceedings, and the outcome.

9. Were either you or your employer insured during the period of time during which this incident occurred against judgments of personal liability based on any abuse of your lawful authority, or were either you or your employer a party to any bonding agreement by which you were held free of liability or by which an insurance company will stand as a guarantor or surety in connection with any state judgment based on any abuse of your lawful authority? If yes, state:

    a. the name and address of the insurer.
    b. the name and address of the person or persons who pay(s) the premiums.
    c. the identification number of the policy.
    d. the effective dates of each policy.
    e. the policy limits, or amount of any bond.
    f. the substance of disclaimers of liability contained in the policy.

10. What is your monthly net wage after deduction or withholdings made for income tax, social security, medical insurance, pensions, and other like deductions or withholdings?

11. Describe any investments you presently have which yield income, including the nature and amount of each investment.

12. Describe any real property or proprietary or possessory interests which you hold, including the identity, location and nature of each interest and the amount of income realized.

13. State specifically and in detail the date and exact sequence of events that took place during any interaction between you and the plaintiff including but not limited to the events on June 16, 2021.

14. For each incident identified in response to interrogatory number 13, state:

> a. the name, badge or identification number, and present address of any other person involved in or known by you to have witnessed the interaction.
> b. the date, substance, and person involved in any conversation or oral report about such an incident.
> c. the identity of any forms or documents created in preparation for or response to any such interaction.
> d. the garments you wear at the time of each interaction.
> e. the exact amount, type, and times that you ingested alcoholic beverages on the day of any such interaction.
> f. any ordinance, rule or policy authorizing or tending to authorize or ratify any actions you took about plaintiffs; state the substance of each such ordinance, rule or policy and its citation, if any.

15. Do you now or have you ever suffered from any mental disease, defect or disorder?

16. Have you ever been arrested and/or convicted of any crime whatsoever? If yes, state the offense, date of occurrence, location and disposition of the case.

17. Have you received any discipline from the City of Wilmington because of the incident involving the plaintiff? If yes, state:

> a. the nature of discipline.
> b. the facts on which such discipline was based.

c. who ordered and who administered the disciplinary action.

18. For each expert witness you intend to call at trial, please state the expert's name and present address, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of grounds for each such opinion.

DATE: November 1, 2024

JOSEPH OXMAN, ESQ.
Attorney for Plaintiff