**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

IVIN CORNELIOUS,                          )
                                          )
            Plaintiff,                    )
                                          )        C.A. No. 23-659-GBW
      v.                                  )
                                          )
DETECTIVES MACNAMARA, PHELPS,             )
JAMES WIGGINS and UNKNOWN OFFICERS        )
and CITY OF WILMINGTON, DELAWARE          )
                                          )
            Defendants.                   )

**DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION TO COMPEL**

Defendants City of Wilmington (the "City"), Wilmington Police Department Officers Gaetan MacNamara ("MacNamara"), James Wiggins ("Wiggins"), and Unknown Officers, as well as State Probation Officer Justin Phelps ("Phelps") (collectively "Defendants") hereby oppose Plaintiff Ivin Cornelious' *Motion to Compel Defendants to Answer Plaintiff's Interrogatory Questions Addressed to Defendants* (D.I. 40) (the "Motion"). Plaintiff's Motion is substantively and procedurally flawed and should be denied. In support of its Opposition, Defendants state as follows:

1.      As an initial matter, two procedural issues warrant denying the relief sought by Plaintiff. First, pursuant to this Court's form Scheduling Order, discovery disputes are not to be raised by motion but rather by filing a joint letter seeking a discovery conference after the parties have met and conferred. Plaintiff's failure to abide by this procedural requirement warrants denial. Second, in violation of both the Court's form Scheduling Order and Local Rule 7.1.1, Plaintiff failed to engage in any meet and confer, let alone a verbal meet and confer with Delaware counsel. This alone merits denial of the Motion. D. Del. LR 7.1.1 (requiring a meet and confer for any non-dispositive matter and noting that "failure to so aver may result in dismissal of the motion.").

RLF1 32840107v.1

2.	In addition to the procedural issues, there are several additional substantive issues barring Plaintiff's unilateral attempt to proceed with discovery.  There is no operative Complaint currently pending against Defendants.   The Court's July 11, 2024 Memorandum Opinion dismissed the Complaint against Defendants, subject to Plaintiff seeking leave to file an amended complaint.  D.I. 30.  Plaintiff sought leave to file an amended complaint on August 15, 2024.[1]  D.I. 33.  That motion remains pending and, as a result, there is no operative Complaint pending against Defendants.  Moreover, specific to the City and as noted in the City's Opposition to the Motion to Amend, Plaintiff mentions the City only twice in his factual allegations (D.I. 34 at 5), making it unclear whether Plaintiff even purports to seek leave to file an additional Complaint against the City.  Given there is no operative Complaint, discovery is not appropriate.

3.	Further, any discovery at this stage is improper under Rule 26.  Pursuant to Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  Plaintiff does not identify when any meet and confer occurred under Rule 26(f) and, indeed, one has not happened.  Given there is no operative Complaint, it does not make sense for the parties to meet and confer under Rule 26(f) at this time.  Accordingly, until such time as the parties are ordered to confer under Rule 26(f), no discovery responses are due.

4.	To the extent discovery is appropriate, Defendants have no record of receiving the interrogatories on November 1 as represented in the Motion.  The Interrogatories attached to the

---

[1] Plaintiff's statement in the Motion that he file an amended complaint on August 1, 2024 is wrong for two reasons.  Motion ¶7.  First, as noted above, the Court permitted Plaintiff to file a motion for leave to file an amended complaint, not to file an amended complaint.  D.I. 30, at 9.  Second, Plaintiff filed the motion for leave on August 15, 2024, not August 1st.  D.I. 33.

RLF1 32840107v.1

Motion are dated November 1, 2024, but do not contain a certificate of service.  Likewise, Plaintiff does not attach email correspondence to support his assertion that he sent the discovery requests on November 1, 2024.  These omissions are glaring since he attached email correspondence supporting his assertion that he sent the discovery requests on March 28, 2025.  *See* D.I. 40-2 (Ex. B).  Neither does the Court's docket reflect a Notice of Service being filed around that time.  Pursuant to Local Rule 5.4(b), "the party requesting discovery…shall file with the Court a 'Notice of Service' containing a certification that a particular form of discovery or response was served on other counsel or opposing parties, and the date and manner of service."  Accordingly, to the extent any discovery was served and the Court deems it proper at this time, Defendants respectfully request that they be given 30 days from any Court order to respond to such discovery.

5.      Finally, specific to MacNamara, Wiggins, and Phelps, Plaintiff's discovery requests are a thinly veiled attempt by Plaintiff to supplement the record at this late date.  This is evident by the following interrogatories buried in his requests:

13. State specifically and in detail the date and exact sequence of events that took place during any interaction between you and the plaintiff including but not limited to the events on June 16, 2021.

14. For each incident identified in response to interrogatory number 13, state:
a. the name, badge or identification number, and present address. of any other person involved in or known by you to have witnessed the interaction ..
b. the date, substance, and person involved in any conversation or oral report about such an incident.
c. the identity of any forms or documents created in preparation for or response to any such interaction.
d. the garments you wear at the time of each interaction.
e. the exact amount, type, and times that you ingested alcoholic beverages on the day of any such interaction.
f. any ordinance, rule or policy authorizing or tending to authorize or ratify any actions you took about plaintiffs; state the substance of each such ordinance, rule or policy and its citation, if any.

D.I. 40-1, at 9 (Phelps), 14 (MacNamara), 19 (Wiggins).

6.    Further supporting this hypothesis is the fact that Plaintiff's discovery requests define "Incident" as - "the entire series of interactions between Plaintiff and Justin Phelps[/Gaetan MacNamara/James Wiggins], or any other employees of the City of Wilmington Police Department or the Delaware State Probation Department, as described in the Complaint." *Id.* at 6 (Phelps), 11 (MacNamara), 16 (Wiggins). Plaintiff's definition of "incident" is meaningless. He defines the term based on, as of now, undefined circumstances and likely hopes Phelps, MacNamara, and Wiggins's interrogatory answers will define such circumstances and be used to supplement the record. As mentioned in Defendants' motions to dismiss briefing, Plaintiff's repeated failure to properly plead his case (and inability to do so) is dispositive and this case should be dismissed.

7.    Plaintiff's statement that denying the Motion could lead to the loss of material evidence is misguided. Plaintiff knows, or should know, that litigation holds are routinely sent to defense clients at the outset of civil litigation. Regardless, federal courts in this circuit have denied *express* requests for discovery to assist in responding to motions to dismiss. *Milliner v. DiGuglielmo*, 2010 WL 972151, at *1 (E.D. Pa. Mar. 16, 2010). The Court of Appeals for the Third Circuit has also refused to find an abuse of discretion when the district court stayed discovery pending decisions on the defendants' motions to dismiss because a Rule 12(b)(6) motion concerns the legal sufficiency of claims and does not rest on the sufficiency of the factual record. *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny the Motion to Compel.

4

/s/ Mark A. Denney Jr.
Mark A. Denney Jr. (#5156)
Brockstedt Mandalas Federico LLC
2711 Centreville Road
Wilmington, DE 19808
302-327-1100
mdenney@bmbde.com

*Attorney for Defendants MacNamara & Wiggins*

/s/ Kelly E. Farnan
Kelly E. Farnan (#4395)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
farnan@rlf.com

Rosamaria Tassone-DiNardo (#3546)
Deputy City Solicitor
City of Wilmington Law Dept.
Louis L. Redding City/County Bldg.
800 North French Street, 9th Fl.
Wilmington, DE 19801
302-576-2175
rtassone@wilmingtonde.gov

*Attorneys for Defendant City of Wilmington*

/s/ Zachary S. Stirparo
Zachary S. Stirparo (#6928)
Delaware Department of Justice
Civil, Defensive Litigation Unit
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
Zachary.Stirparo@delaware.gov

*Attorney for Defendant Phelps*

Dated:  April 23, 2025

5