## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IVIN CORNELIOUS,<br><br>                Plaintiff,<br><br>        v.<br><br>DETECTIVES MACNAMARA, PHELPS,<br>JAMES WIGGINS and UNKNOWN<br>OFFICERS and CITY OF WILMINGTON,<br>DELAWARE,<br><br>                Defendants. | Civil Action No. 23-659-GBW |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion to Compel Defendants to Answer Plaintiff's Interrogatory Questions Addressed to Defendants (D.I. 48) (the "Motion"), which is fully briefed (*see* D.I. 48; D.I. 49; D.I. 50). For the following reasons, the Court denies the Motion.[1]

### I.    LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 37

"Federal Rule of Civil Procedure 37 applies to motions to compel discovery, providing that '[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.'" *Am. Bottling Co. Inc. v. Vital Pharms., Inc.*, No. CV 20-1268 (TMH), 2021 WL 9599683, at *1 (D. Del. Sept. 27, 2021) (alteration in original) (quoting Fed. R. Civ. P. 37(a)(1)).

"Generally, '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.'" *Id.* (alteration

---

[1] The Court writes for the benefit of the parties and assumes familiarity with the case.

in original) (quoting Fed. R. Civ. P. 26(b)(1)). "For [the] purposes of discovery, relevancy is broadly construed." *Id.* (quoting *Inventio AG v. ThyssenKrupp Elevator Am. Corp.*, 662 F. Supp. 2d 375, 380 (D. Del. 2009)). "However, while it is well-settled that the scope of discovery is broad, it is not without limits." *Id.* (citing *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999)).

"A party moving to compel discovery bears the burden of demonstrating the relevance of the requested information." *Id.* (citing *Inventio AG*, 662 F. Supp. 2d at 381).

## II.    DISCUSSION

Plaintiff's Motion seeks "to compel defendants to answer Plaintiff's interrogatory questions." D.I. 48 at 1.[2] Defendants' primary reason for opposing discovery is that "[t]he Court's July 11, 2024 Memorandum Opinion dismissed the Complaint against Defendants, subject to Plaintiff seeking leave to file an amended complaint." D.I. 49 ¶ 1. Defendants contend that "discovery is not appropriate" because currently "there is no operative Complaint." D.I. 49 ¶ 3. As explained below, the Court agrees with Defendants that Plaintiff is not entitled to discovery at this time.

"An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Under Rule 26(b), "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely

---

[2] The discovery requests are found at D.I. 40-1. *See* D.I. 48 ¶¶ 10, 16.

benefit." Fed. R. Civ. P. 26(b)(1); *see United States ex rel. Customs Fraud Investigations, LLC. v. Victaulic Co.*, 839 F.3d 242, 259 (3d Cir. 2016).

"It is a basic, default rule of civil litigation that discovery may only be obtained on matters relating to pending—not dismissed—claims." *Act Now to Stop War & End Racism Coal. v. D.C.*, 286 F.R.D. 117, 131 n.7 (D.D.C. 2012) (collecting cases), *vacated in part on other grounds*, 846 F.3d 391 (D.C. Cir. 2017); *see In re German Auto. Manufacturers Antitrust Litig.*, 335 F.R.D. 407, 409 (N.D. Cal. 2020) ("Supreme Court and Ninth Circuit precedent prevents this Court from allowing discovery related to dismissed claims."). Thus, "dismissal of a claim will ordinarily work a prejudice on the party asserting the claim, in that the dismissal will remove the claim from the litigation and prohibit the party from pursuing discovery with respect to the dismissed claim[.]" *Gen. Motors Corp. v. New A.C. Chevrolet, Inc.*, 263 F.3d 296, 329 (3d Cir. 2001); *see Paul Rudolph Found., Inc. v. Paul Rudolph Heritage Found.*, No. 20CIV8180CMSLC, 2023 WL 3558857, at *2 (S.D.N.Y. Apr. 27, 2023) ("[T]he Rules do not permit discovery regarding a claim—here, a Counterclaim—that is no longer in the action.") (collecting cases).

As Defendants correctly note, *see* D.I. 49 ¶ 1, "the Court dismisse[d] Mr. Comelious' Complaint without prejudice to his ability to move for leave to amend." *Cornelious v. MacNamara*, No. CV 23-659-GBW, 2024 U.S. Dist. LEXIS 122395, at *12 (D. Del. July 11, 2024). Considering that the Court has not ruled on Plaintiff's opposed motion to amend his complaint (*see* D.I. 33), there are no pending claims in this action.

In this instance, considering that Plaintiff has provided no legal authority to support departing from the "default rule of civil litigation that discovery may only be obtained on matters relating to pending—not dismissed—claims,"[3] the Court finds that Plaintiff has failed to meet his

---

[3] *Act Now*, 286 F.R.D. at 131 n.7.

3

"initial burden of establishing the relevance of the requested information." *Thompson-El v. Greater Dover Boys & Girls Club*, No. CV 18-1426-RGA, 2022 WL 606700, at *2 (D. Del. Jan. 28, 2022).

Moreover, even assuming *arguendo* that Plaintiff did carry his initial burden, the Court would nevertheless exercise its discretion to deny Plaintiff's Motion, because Defendants have persuaded the Court that "the outcome of [] [Plaintiff's] motion [(D.I. 33)] could impact whether and the extent to which discovery is permitted." *Allied World Ins. Co. v. Keating*, No. 22-1996, 2023 WL 1463391, at *4 (3d Cir. Feb. 2, 2023) (nonprecedential) ("The order denying the motion to compel noted that Sian's motion to dismiss was then pending. While the District Court could have required discovery to proceed, it was reasonable to limit discovery while a Rule 12(b)(6) motion was pending[.]").

## III.    CONCLUSION

For the foregoing reasons, the Court denies the Motion.

\* \* \*

WHEREFORE, at Wilmington this 12th day of August 2025, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Defendants to Answer Plaintiff's Interrogatory Questions Addressed to Defendants (D.I. 48) is **DENIED**.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE