IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IVIN CORNELIOUS,<br><br>  Plaintiff,<br><br>  v.<br><br>DETECTIVES MACNAMARA, PHELPS, JAMES WIGGINS and UNKNOWN OFFICERS and CITY OF WILMINGTON, DELAWARE,<br><br>  Defendants. | Civil Action No. 23-659-GBW |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff, Ivin Cornelious' Motion for Leave to File an Amended Complaint (D.I. 33) (the "Motion"), which is fully briefed (*see* D.I. 33; D.I. 34; D.I. 35; D.I. 36; D.I. 37; D.I. 38).[1] For the following reasons, the Court denies the Motion.

## I.   LEGAL STANDARD

### A.   Rule 15(a)(2) of the Federal Rules of Civil Procedure

"Federal Rule of Civil Procedure 15(a)(2) provides that a district court should 'freely give leave [to amend] when justice so requires.'" *Talley v. Wetzel*, 15 F.4th 275, 286 n.6 (3d Cir. 2021) (alterations in original). "Despite this liberal standard, leave to amend may be denied when there is undue delay, bad faith, dilatory motive, prejudice, [or] futility." *Id.* (quotation marks omitted); *see LaSpina v. SEIU Pa. State Council*, 985 F.3d 278, 291 (3d Cir. 2021). "Amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be

---

[1] Plaintiff's reply brief (D.I. 38) includes numerous, new arguments. "Arguments first made in reply briefs are forfeited." *In Re Novartis Pharms. Corp. v. MSN Pharms. Inc.*, No. 20-MD-2930-RGA, 2024 WL 4723274, at *4 (D. Del. Nov. 8, 2024).

granted." 15 F.4th at 286 n.6 (quotation marks omitted). "When assessing futility, the [d]istrict [c]ourt applies the same standard of legal sufficiency as [it] applies under Rule 12(b)(6)." *Id.* (quotation marks omitted).

## II. DISCUSSION[2]

Plaintiff's "Complaint [(D.I. 1) was dismissed] without prejudice to his ability to move for leave to amend." *Cornelious v. MacNamara*, No. CV 23-659-GBW, 2024 U.S. Dist. LEXIS 122395, at *12 (D. Del. July 11, 2024). Plaintiff's Motion seeks leave to file Plaintiff's First Amended Complaint for Violations of the 4th Amendment of the Constitution of the United States, Section 1983 of the Civil Rights Act, Malicious Prosecution and Intentional Infliction of Emotional Distress (D.I. 33-1). In a cursory manner, Plaintiff contends that "[t]he amendment is not futile" and "[t]here is no undue delay, bad faith, or dilatory motive on the part of the Plaintiff, and there is no undue prejudice to the defendants by allowing the amendment." D.I. 33 ¶ 8.

Defendants oppose for numerous independent reasons, including that Plaintiff failed to comply with Local Rule 7.1.1. *See* D.I. 34 at 2 ("Cornelious did not provide the City with the proposed amended pleading and did not meet and confer with the City prior to filing."), 4 ("Cornelious failed to meet and confer with the City prior to filing the Motion, which is sufficient grounds for denial.").[3] According to Defendant City of Wilmington, "[t]he failure to confer and to provide a redline of the document has further obfuscated the ways in which Cornelious believes he may have asserted a claim against the City." *Id.* at 4.

"The Local Rules for this court provide, except in civil cases involving *pro se* parties, that every nondispositive motion shall be accompanied by an averment of counsel for the moving party that a reasonable effort has been made to reach agreement with the opposing party on the matters

---

[2] The Court writes for the benefit of the parties and assumes familiarity with the case.
[3] Notably, Plaintiff's reply brief (D.I. 38) does not contest this assertion.

set forth in the motion." *Boyer v. Taylor*, No. CV 06-694-GMS, 2012 WL 1132786, at *5 n.5 (D. Del. Mar. 30, 2012) (citing D. Del. LR 7.1.1). This requirement, which applies to motions such as Plaintiff's Motion,[4] serves the purpose of "secur[ing] the just, speedy, and inexpensive determination of every action and proceeding."[5]

In light of the above, in this instance, "Plaintiff's Motion is denied without prejudice due to Plaintiff's noncompliance with D. Del. LR 7.1.1." D.I. 44; *see Cirba Inc. v. VMware*, Inc., No. CV 19-742-GBW, D.I. 1681 (D. Del. Apr. 4, 2023). Plaintiff "may file a motion to amend his Complaint on or before twenty-one (21) days from the date of this" Memorandum Order. D.I. 30 at 9.[6] In the absence of extraordinary circumstances, the Court will not grant Plaintiff any

---

[4] *See, e.g., Princeton Digital Image Corp. v. Off. Depot Inc.*, No. CV 13-239, 2017 WL 446122, at *3 (D. Del. Jan. 27, 2017) ("Adobe appears to admit that it failed to comply with Rule 7.1.1's requirement that 'oral communication' be part of the meet and confer process. This failure to comply with the Local Rule is unfortunate."); *Ingevity Corp. v. BASF Corp.*, No. 18-CV-1391-RGA, 2020 WL 1329604, at *2 (D. Del. Mar. 23, 2020) ("The Third Circuit has held that a motion for leave to amend is a nondispositive motion"); *Pelham v. VBit Techs. Corp.*, No. CV 23-162-JLH-SRF, 2024 WL 3552579, at *2 n.1 (D. Del. July 26, 2024) (noting "the pending motion to amend is non-dispositive"), *report and recommendation adopted*, No. CV 23-162-JLH-SRF, 2024 WL 3785636 (D. Del. Aug. 13, 2024).

[5] Fed. R. Civ. P. 1; *see, e.g., Buergofol GmbH v. Omega Liner Co., Inc.*, No. CV 4:22-04112-KES, 2024 WL 4291467, at *4 (D.S.D. Sept. 25, 2024) (cleaned up) ("Generally, the purpose of [] meet-and-confer requirement[s] is to force litigants to attempt to resolve, or at least narrow, the disputed issues to prevent the unnecessary waste of time and effort on any given motion."); *Equal Emp. Opportunity Comm'n v. Hooters of Am., LLC*, 347 F.R.D. 445, 449 (M.D.N.C. 2024) (quotation marks omitted) ("The purpose of [] meet and confer obligation[s] is to weed out disputes that can be amicably resolved without judicial intervention, thereby freeing the court's resources for the disputes that truly cannot."); *Dairy v. Harry Shelton Livestock, LLC*, No. CV 18-6357-RMI, 2020 WL 6269541, at *1 (N.D. Cal. Oct. 23, 2020) ("[T]he purpose of a meet and confer requirement is for the parties to engage in a meaningful dialogue about their respective positions on disputed issues to see whether they can resolve (or at least refine) the disputes without court intervention, saving time and money for the litigants as well as the court system.").

[6] In light of the Court receiving numerous "filings from Plaintiff that are not compliant with this Court's Local Rules," including the pending Motion and accompanying reply brief (D.I. 38), Plaintiff is reminded that he must "comply with the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware," D.I. 52 at 1-3, including (but not limited to) Local Rules 5.1.1, 7.1.1, 7.1.2, 7.1.3, and 15.1.

3

additional opportunities to cure the deficiencies in the Complaint (D.I. 1) discussed in the Court's July 11, 2024 Memorandum Opinion (D.I. 30).

### III. CONCLUSION

For the foregoing reasons, the Court denies the Motion.

* * *

WHEREFORE, at Wilmington this 9th day of September 2025, **IT IS HEREBY ORDERED** that Plaintiff, Ivin Cornelious' Motion for Leave to File an Amended Complaint (D.I. 33) is **DENIED**. **IT IS FURTHER ORDERED** that, within twenty-one (21) days of the issuance of this Memorandum Order, Plaintiff may file a motion for leave to amend the Complaint.

_____<br>
GREGORY B. WILLIAMS<br>
UNITED STATES DISTRICT JUDGE